IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                                  Case No. 3:06CR709

        Plaintiff

v.                                                                                          ORDER

Herbert Allen Smith,

        Defendant

      This is a criminal case in which the defendant, Herbert Allen Smith, who has pled guilty of robbing a bank within days of having been released on parole after having completed serving his sentence on the most recent of his six prior felony convictions, has moved, after his plea was accepted, but prior to sentencing, to withdraw his plea of guilty.

      For the reasons that follow, I conclude that an evidentiary hearing is needed to develop the record further about the background to the defendant's decision to plead guilty.

**Background**

      The motion to withdraw is based on the discussion of the possible sentence during the plea hearing, which was conducted by the United States Magistrate Judge on reference from the undersigned.

That discussion began with the Assistant United States Attorney confirming, in response to a question from the Magistrate Judge that "[t]he government has provided a preliminary advisory sentencing guideline of 210-262 months." [Tr. 7].

Government counsel also stated that the defendant's attorney had "researched the defendant's record, and she advises me that she believes that he would not be a career offender." [*Id.*]. Thus, according to the government's attorney, "With his acceptance of responsibility, and *assuming that which she advises me is true*, his offense level [*sic*] would probably be somewhere between 46 and 71 months." [*Id.*] (Emphasis supplied).

Then the Magistrate Judge asked the defendant's attorney whether she agreed "with the calculation, *assuming that your research is accurate?*" [*Id.*] (Emphasis supplied). Counsel for the defendant responded, "*Assuming the information I have is accurate*, that's what [government counsel] *and* I have estimated the guidelines at." [*Id.*].

The Judge then repeated, "Forty-six to 71 months?"

"That's correct," defense counsel replied. [*Id.*].

The Magistrate then turned to the defendant, and stated: "Do you understand, Mr. Smith, that the guidelines are advisory; they're not binding upon the District Court?" [*Id.*, 7-8]. The defendant responded, "Yes, ma'am." [*Id.*].

The Magistrate Judge then conducted a thorough "by the numbers" inquiry about other aspect of the defendant's decision to plead guilty in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

Later, there was a passing reference to the fact that the defendant's attorney had "talk[ed] to him about the maximum sentence [twenty years, of which the defendant had previously been

2

informed by the Magistrate Judge [*Id.* 6]] and fine that can be imposed in this case[,]" [*Id*. 14], and, as well, that the attorney had "talk[ed] to the defendant about the advisory sentencing guidelines." [*Id*.].

Thereafter, the Magistrate, speaking to the defendant, stated:

> We've talked about the sentencing guidelines. [Your attorney] has indicated to me that she's advised you that the sentencing guidelines are advisory. *They are not binding upon the district court.* When the district court imposes sentence, they [*sic*] will impose a reasonable sentence. In determining what a reasonable sentence is, the Court will look at the statute, Title 18 of the United States Code, Section 3553(a); will consider the factors set forth in that statute, and the *advisory* guidelines will be one of the factors that the Court considers.

[*Id*. 21] (Emphasis supplied).

The Magistrate Judge's concluding comment about the potential sentence informed the defendant that if the District Judge "imposes a sentence that is more severe than you expect, *that alone will not serve as a basis for setting aside your guilty plea.* Do you understand that?" [*Id*. 24].

Thus, as he was about to proffer a plea of guilty, the defendant knew that the government had initially staked out a potential sentence of 210-260 months, but had acquiesced in the estimate of the defendant's attorney [based on her research into the defendant's record] that his guideline range would be forty-six and seventy-one months.

That estimate on the part of the defendant's attorney was, in turn, based on the assumption that "the information that I have is accurate, . . . ." [*Id*. 7].

## Discussion

At this point, the record is unclear in several important respects. To eliminate that unclarity, an evidentiary hearing is necessary.

The first of the aspects as to which the record is unclear relates to the information available to the defendant's attorney: after all, that information, whatever it was, was the basis of her drastic

3

under-estimation of the defendant's guideline range. It is pretty unlikely that she would have been so optimistic that the defendant was not a career offender if she had known that he had six prior felony conviction.

Thus, an initial question is what the attorney did to learn about the defendant's criminal background: did she rely on the defendant's description of his record, do some independent checking, or neither or something else?

As importantly, what did she learn from her inquiries?

The defendant, it can be presumed, was fully cognizant of the fact that he had multiple convictions for serious crimes. He may not have known the number of those convictions, or the seriousness of each offense; but he certainly knew that he had lots of convictions. Was he forthcoming and truthful about his criminal record with his attorney? Did she ask; and, if so, what was his answer?

Those are other issues about which the record should be clarified.

There is, as well, the extent to which the defendant's attorney knew of, informed the defendant about, or discussed with him the government's estimate – which even, and rather substantially, over-stated the advisory guideline range as presently recited in the presentence report.

Because these, and, perhaps, in the view of the parties as they consider the foregoing, other issues should be developed or questions posed and answered, I have decided to conduct and evidentiary hearing.

It is, therefore,

ORDERED THAT an evidentiary hearing is scheduled for January 16, 2007 at 1:00 p.m.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge